*Peirce*, for defendants.

---

## REPRESENTATIVES OF DICKEY vs. ROGERS.

Where there are several joint debtors, the surety has a right to call on each of them for the whole amount of his obligation.

APPEAL from the court of the third district, the judge of the second presiding.

PORTER, J. delivered the opinion of the court. This action commenced by attachment. The petitioner declares that he is surety for the defendant, and liable to pay the notes he has signed as such. He prays for a judgment against the garnishee for any money he may owe the defendant; and he also prays that any property in the garnishee's hands may be surrendered up to discharge the notes and

obligations for which the plaintiff is respon-
sible.

The attorney appointed to defend the rights of the absent debtor, pleaded as a peremptory exception that from the shewing in the petition the plaintiff was surety for three other obligors, and that there is no allegation they are insolvent—and the responsibility of the plaintiff was too remote and contingent to authorize the institution of a suit.

This exception was overruled. Whereupon the attorney filed another: that from the exhibition of the obligation declared on, it appears to have been signed by the plaintiff as principal co-obligor, and that he could not maintain this action without shewing that he had paid the debt.

When the cause came on for trial, the petitioner offered in evidence the notes on which the suit had been instituted. They were objected to because they did not correspond with the allegations of the petition, which averred that the plaintiff had signed the notes as surety, when on their face they appeared to have been executed jointly and severally. The objection was sustained by the court: judgment as of

Eastern Dist non-suit in favor of the defendant was given,
*March*, 1829. and the petitioner appealed.

DICKEY
*vs.*
ROGERS.

We think the court below did not err in over-
ruling the first exception filed by the defendant.
The provision of our law which gives to the
surety the right to sue the principal for in-
demnification when the debt is due, and un-
paid, contains no exception, such as that con-
tended for. Where there are several joint
debtors, the surety has a right to call on each
of them for the whole amount of his obligation.
*Lou. Code, Art.* 3026 & 3023.

The court erred in rejecting the evidence.
The general issue was not pleaded. The ex-
ception admitted (for it did not deny) that the
contract, as between the parties to this suit, was
one of suretyship. The contract being in *so-
lido*, did not contradict the allegation in the
petition. It often happens that the several ob-
ligors are bound in *solido* to the obligee, tho'
the contract of suretyship exists between them.

It is therefore ordered, adjudged and de-
creed, that the judgment of the district court
be annulled, avoided and reversed. And it is
further ordered, adjudged and decreed that the
cause be remanded to the district court, with

directions to the judge not to reject the notes set out in the bill of exceptions, on the ground that they were contrary to the allegations in the petition: and it is further ordered that the appellee pay the costs of the appeal.

*Turner,* for plaintiffs.